Elton J. SITTRE and Una Sittre, Appellants
(Defendants below),

v.

Reverend James O. MULLINS and Maiba Lee
Mullins, Appellees (Plaintiffs below).

No. 3500.

Supreme Court of Wyoming.

Aug. 12, 1966.

Boyer & Svilar, Lander, for appellants.

Hugh M. Duncan, Casper, for appellees.

Before PARKER, C. J., and HARNS-
BERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

The plaintiffs, husband and wife, sued the defendants, husband and wife, on a promissory note for one thousand dollars. Defendants admitted execution and delivery of the note, but alleged as a defense the contemporaneous execution of a contract of sale of real estate by which the plaintiffs had agreed in consideration of the said one thousand dollars to execute and deliver to defendants a warranty deed for the property, a subsequent failure and refusal to deliver the said deed, and a consequent unilateral rescission of the agreement by the defendants and a return of the real property, which was the subject of the agreement. Defendants also pleaded bilateral rescission and counterclaimed for some $1,145, which they had paid to the holder of the first mortgage on the property in the interim between the execution of the agreement and its rescission. The court found generally for plaintiffs, both on the action and the counterclaim, and entered judgment for the face of the note plus interest. The matter has now been appealed on the contention that the court erred as a matter of law in the light of the evidence in finding that plaintiffs' failure to deliver the warranty deed was not a breach of contract entitling defendants to rescind.

The contract of sale, after reciting that there was an outstanding mortgage to Kassler and Company in the amount of some $14,000, which the buyers agreed to assume and pay in addition to the $1,000, contained this pivotal clause:

"And in this connection, it is understood and agreed that the Buyers shall attempt to obtain an assumption agreement from Kassler and Company, by which Kassler

and Company will agree to accept the Buyers as security for the loan, and which will relieve the Sellers from all obligations under the present existing mortgage; that at the time the Buyers are accepted on the original mortgage, the Sellers will deliver to the Buyers a Warranty Deed conveying good and merchantable title to the Buyers, and which Warranty Deed has, as of the date of this Contract, been executed and left in escrow in the offices of Oeland and Tschirgi, to be delivered by them to the Buyers at the time the Buyers are accepted as the principal obligors by Kassler and Company."

The court in an oral statement at the conclusion of the evidence said that there had been no compliance by defendants with the provisions of the mentioned clause and no breach of the contract on the part of the sellers, which would entitle the buyers to rescind.

Defendants argue here that a vendee is entitled to rescind where there is a continued failure of the vendor to convey in accordance with the contract, that the plaintiffs failed to give a timely deed, and that the contract of sale was ambiguous respecting the obligation of the defendants to assume the existing first mortgage and any ambiguities should be construed against the vendors who had prepared that agreement.

Although the defendants did execute an assumption of mortgage and the Kassler company later advised them that its records had been changed to reflect them as the new borrowers on the loan, there was a total lack of evidence to show that the sellers had thereby been relieved from all obligations on the first mortgage, which circumstance, under a reasonable interpretation of the contract, was a prerequisite to any right of the buyers to have the warranty deed delivered to them prior to the payment of the purchase price in full. Thus, the trial court's judgment must be affirmed.

Affirmed.